UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAMARA CARTER,

    Plaintiff,

v.                                    Case No.:  3:20-cv-1251-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Tamara Carter seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on October 11, 2018, alleging disability beginning August 8, 2017. (Tr. 110, 191-94). The application was denied initially on March 7, 2019, and upon reconsideration on May 8, 2019. (Tr. 110, 126). Plaintiff requested a hearing and a

hearing was held on November 21, 2019, before Administrative Law Judge ("ALJ") Yelanda Collins. (Tr. 56-77). On January 30, 2020, the ALJ entered a decision finding Plaintiff not disabled from August 8, 2017, through the date of the decision. (Tr. 43-51).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on September 15, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on November 2, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 20).

    **D.**    **Summary of ALJ's Decision**

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. 45). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 8, 2017, the alleged onset date.[1] (Tr. 45). At step two, the ALJ found that Plaintiff had the following severe impairments: "endometriosis and uterine fibroids." (Tr. 46). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the

---

[1] The ALJ noted that Plaintiff had worked as a substitute teacher after the alleged disability onset date, but this part-time work did not rise to a substantial gainful activity level. (Tr. 45-46).

severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 46).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work defined in 20 [C.F.R. §] 404.1567(b).

(Tr. 47).

The ALJ found that Plaintiff was capable of performing her past relevant work as a property manager, DOT 186.167-046, light, skilled, SPV 8. (Tr. 50-51). The ALJ found this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 50). The ALJ concluded that Plaintiff had not been under a disability from August 8, 2017, through the date of the decision. (Tr. 51).

## II.    Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ properly considered the effects of Plaintiff's pain. (Doc. 23, p. 7). Plaintiff summarizes some of the evidence of record and then claims that her conditions of endometriosis and fibromyalgia are likely to cause pain, which will interfere with semi-skilled and skilled work such as a property manager job. (Doc. 23, p. 7-8). Specifically, Plaintiff argues the effects of pain may interfere with concentration and persistence, which

are needed in semi-skilled and skilled work. (Doc. 23, p. 7-8). The Commissioner contends that the ALJ considered the record as a whole, including Plaintiff's claims of the limiting effects of her pain, and properly found Plaintiff not as limited as alleged. (Doc. 25, p. 6-10).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210). When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867

(11th Cir. 2019). The ALJ should consider these factors given all of the evidence of record. *Id.* And if the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

The ALJ considered Plaintiff's complaints of pain. (Tr. 48-50). She cited Plaintiff's function reports and her testimony at the administrative hearing. (Tr. 47-48). In the decision, the ALJ found the following:

> After careful consideration of the evidence, the undersigned finds the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> The claimant alleges significant restrictions in her ability to perform activities of daily living, but this is inconsistent with the objective medical evidence. Medical records did document a history of the previously listed severe impairments. However,

> results from physical exams and diagnostic tests were generally benign. Although the claimant previously underwent surgeries for her long-standing endometriosis, more recent treatment was conservative in nature, consisting primarily of prescription therapy. The claimant's primary providers did not identify any specific job-related limitations or restrictions.
>
> In addition to the objective medical evidence and treatment, the claimant has several activities that are inconsistent with the total inability to work. She is able to live at home independently. She can drive, go out alone, and shop in stores. The claimant can attend to her personal hygiene needs. The reported activities of daily living after the alleged onset date demonstrates greater functional abilities than the currently alleged limitations.
>
> In summation, the medical records do not support a worsening of the claimant's conditions or any long[-]standing restrictions in her ability to function, other than those noted in the residual functional capacity. Upon evaluation of all the evidence of record and assessment of the claimant's allegations, the undersigned finds the residual functional capacity described above is well supported.

(Tr. 50).

Plaintiff argues that endometriosis can cause pain and the pain can be disabling, citing consultative examiner, Julio Cordero, M.D. (Tr. 452). But Dr. Cordero found Plaintiff was not symptomatic during the examination and generally suggested that pain from this condition can be disabling. (Tr. 452). Additionally, the ALJ thoroughly considered Dr. Cordero's opinion and found it only partially persuasive because he found Plaintiff had no limitations whereas the ALJ found greater limitations, such as Plaintiff was limited to light work. (Tr. 49).

Plaintiff notes the ALJ also summarized her testimony that she experiences flare-ups from ten to fifteen days per month due to her condition. (Doc. 23, p. 7; Tr. 48). Plaintiff then argues that the medical records support Plaintiff's testimony. (Doc. 23, p. 7). Specifically, Plaintiff cites her visits to Baptist Medical Center on May 9, 2019, August 23, 2019, and October 21, 2019. (Doc. 23, p. 7-8). The ALJ considered these visits. (Tr. 49). As to the May 2019 visit, the ALJ noted that Plaintiff complained of pelvic pain, but after receiving medication was discharged on the same day as stable and had an improved condition. (Tr. 49). For the August 2019 visit, the ALJ noted that Plaintiff reported pain, and she improved after a pain medication (Toradol) injection. (Tr. 49). Finally, on the October 2019 visit, the ALJ found Plaintiff received conservative treatment for symptoms from endometriosis and gastroesophageal reflux. (Tr. 49). In addition, the ALJ noted that in a June 2019 visit to Full Circle Woman Care, the physical examination was unremarkable. (Tr. 49).

Next, Plaintiff argues that based on Plaintiff's subjective complaints of pain, the ALJ should have considered the effects of pain on Plaintiff's ability to perform skilled work as a property manager. (Doc. 23, p. 8). Plaintiff argues that "the effects of pain can interfere with concentration and persistence and the ability to maintain [focus]." (Doc. 23, p. 8). But Plaintiff fails to cite to any evidence of record supporting this supposition.

Lastly, Plaintiff argues that in a second hypothetical to the vocational expert the ALJ included a limitation of being off task more than 20% of a workday. (Doc. 23, p. 9 (citing Tr. 75)). With this added limitation, the vocational expert testified, "there would be no suitable jobs." (Tr. 75). Plaintiff claims this additional limitation more accurately reflects Plaintiff's condition and the presence of pain. (Doc. 23, p. 9). At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). An ALJ may obtain the testimony of a vocational expert to assist in making this determination. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). But an ALJ is not required to include findings in a hypothetical that the ALJ found unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)). In the decision, the ALJ found Plaintiff had no limitations beyond those found in the RFC. Thus, the ALJ based the decision on the first hypothetical to the vocational expert that did not include this additional off task limitation, and this finding is supported by substantial evidence.

Here, the ALJ articulated adequate and explicit reasons for findings Plaintiff's subjective symptoms of pain not as limiting as Plaintiff alleged. These reasons included: her limitations being inconsistent with the objective medical evidence in that the physical exams and diagnostic tests were generally benign; she received conservative medical treatment, primarily with prescription medications; and her primary care physicians did not specify any job-related limitations. (Tr. 50). The ALJ also found Plaintiff's daily activities of living independently, driving, going out, and shopping at stores did not support the extreme limitations as alleged. (Tr. 50).

After consideration of the record as a whole, the Court finds that the ALJ articulated adequate and explicit reasons for her findings concerning Plaintiff's subjective complaints. The Court finds substantial evidence supports the ALJ's decision.

### III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 10, 2021.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties